**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**STERLING RAHEEM JULES, #199738**                                        **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO.: 1:15cv315 LG-RHW**

**EVAN HUBBARD, ET AL.**                                             **DEFENDANTS**

## ANSWER AND DEFENSES OF CORRECTIONAL MEDICAL ASSOCIATES, INC.

Defendant, Correctional Medical Associates, Inc. ("Defendant"), by and through

counsel, files this its Answer and Defenses to the Complaint [Dkt #2] and Response

[Dkt #13] filed in this matter as follows:

### FIRST DEFENSE

Defendant would show that the Plaintiff's Complaint [Dkt #2] and Response [Dkt

#13] fails to state a claim upon which relief may be granted and, pursuant to the

provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant requests

that the claims against it be dismissed.

### SECOND DEFENSE

Defendant specifically asserts and invokes all defenses available to it as set forth

in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which good faith legal and factual basis

exists.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction because the Plaintiff has failed to

exhaust his administrative remedies as required by law.  Plaintiff's failure to exhaust his

administrative remedies is an affirmative bar to the maintenance of this civil action and, as such, this action should be dismissed.

## FOURTH DEFENSE

At all times pertinent to this proceeding, Defendant acted in reliance upon then existing law, policies and procedures in good faith, without malice, reckless disregard, deliberate indifference, retaliatory motive or injurious intent, and is therefore entitled to qualified immunity and/or a special good faith defense.

## FIFTH DEFENSE

The Plaintiff suffered no loss or deprivation of any rights, privileges or immunities afforded to him by the United States Constitution or applicable federal or state law by this Defendant.

## SIXTH DEFENSE

Additionally and/or alternatively, the Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, regulation, custom or practice attributable to this Defendant.

## SEVENTH DEFENSE

Plaintiff's injuries were caused by circumstances, including, but not limited to, a pre-existing medical condition for which Defendant cannot be held liable.

## EIGHTH DEFENSE

Defendant would show that the factual allegations of the Plaintiff's Complaint as against it, and the conduct complained of, do not violate any clearly established statutory or constitutional right of the Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law under the United

States Constitution.  Further, Defendant is not guilty of any deliberate abuse of inherent governmental power, but rather, had probable cause and lawful justification for all actions undertaken by it.

## NINTH DEFENSE

Defendant's conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. §1983.  The Plaintiff's allegations do not rise to the level of a constitutional tort.

## TENTH DEFENSE

Defendant alleges that any damages suffered by Plaintiff were the result of Plaintiff's own negligence or conduct, or were otherwise the result of unlawful, unforeseen, intervening or superseding causes over which this Defendant had no control or liability.

## ELEVENTH DEFENSE

Defendant specifically asserts and invokes all of the rights and defenses available to it, including, but not limited to, those set forth in Rules 8(c) and 19 of the Fed. R. Civ. P., all defenses available to him under 42 U.S.C. §1983, and/or applicable state and/or federal common law for which a good faith legal and/or factual basis exists in its favor.

## TWELFTH DEFENSE

The Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions or those of other persons for whom this Defendant is neither liable nor responsible such that said actions constitute the sole proximate cause of the Plaintiff's injuries and complaints, or alternatively, are an

intervening/superseding cause.  Alternatively and affirmatively, the Plaintiff's recovery should be barred or reduced under principles of comparative fault or contributory negligence.

## THIRTEENTH DEFENSE

Defendant hereby asserts all affirmative defenses to which it may be entitled, including any and all statutes of limitation, repose and/or statutory limitations of liability herein available to it.  In addition, this Defendant hereby reserves the right to assert any additional affirmative defenses to which it may be entitled once further discovery may be had in this proceeding.

## FOURTEENTH DEFENSE

Defendant invokes all protections of Mississippi Code Annotated § 85-5-7.

## FIFTEENTH DEFENSE

At all times relevant hereto, Defendant's employees complied in all respects with the applicable standard of care.

## SIXTEENTH DEFENSE

## ANSWER

And now, answering the allegations in the Complaint, numbered paragraph by numbered paragraph, Defendant would show as follows:

## OTHER LAWSUITS FILED BY PLAINTIFF

In response to the allegations contained on Page 1 titled Other Lawsuits Filed By Plaintiff, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general denial to them.

## PARTIES: SECTION I - PLAINTIFF

In response to the allegations contained on Page 2 titled Parties: Section I - Plaintiff of the Complaint, Defendant admits that Plaintiff has been incarcerated at the Harrison County Detention Center in Gulfport, Mississippi.  Otherwise, denied.

## PARTIES: SECTION II - DEFENDANT

In response to the allegations contained on Page 2 titled Parties: Section II - Defendant of the Complaint, to the extent the allegations are addressed to this Defendant, Defendant admits that it provides contract medical services at the Harrison County Detention Center.  Otherwise, denied.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

## PARTIES: UNNUMBERED PARAGRAPH FOLLOWING SECTION II - DEFENDANT

In response to the allegations contained on Page 2 titled "Parties" in the unnumbered paragraph following "Section II - Defendant" of the Complaint, Defendant admits that Plaintiff has been incarcerated at the Harrison County Detention Center in Gulfport, Mississippi.  Otherwise, denied.

## PARTIES: SECOND UNNUMBERED PARAGRAPH FOLLOWING SECTION II - DEFENDANT

In response to the allegations contained on Page 2 titled "Parties" in the second unnumbered paragraph following "Section II - Defendant" of the Complaint, Defendant admits that it provides contract medical services at the Harrison County Detention Center.  Otherwise, denied.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

**GENERAL INFORMATION**

In response to the allegations contained on Page 3 of the Complaint under the heading titled General Information, this Defendant answers, sub-section by sub-section as follows:

A.    To the extent the allegations of sub-section A are addressed to this Defendant, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

B.    To the extent the allegations of sub-section B are addressed to this Defendant, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general denial to them.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

C.    To the extent the allegations of sub-section C are addressed to this Defendant, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general denial to them.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

D.    To the extent the allegations of sub-section D are addressed to this Defendant, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general

denial to them.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

E.      To the extent the allegations of sub-section E are addressed to this Defendant, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general denial to them.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

F.      To the extent the allegations of sub-section F, sub-paragraphs 1-4 are addressed to this Defendant, this Defendant lacks sufficient information upon which to form a belief as to the veracity of the allegations and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

## **STATEMENT OF CLAIM**

In response to the allegations contained on Page 4 titled Statement of Claim of the Complaint and continued on the eight (8) handwritten pages attached as pages seven (7), eight (8), nine (9), ten (10), eleven (11), twelve (12), thirteen (13) and fourteen (14) to Plaintiff's Complaint, to the extent the allegations are addressed to this Defendant, Defendant admits that it provides contract medical services at the Harrison County Detention Center (HCDC).  Otherwise, denied.  To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

## **RELIEF**

In response to the allegations contained on Page 4 titled <u>Relief</u> sub-section IV of the Complaint and continued on the three (3) handwritten pages attached as pages fifteen (15), sixteen (16) and seventeen (17) to Plaintiff's Complaint, to the extent these allegations are addressed to this Defendant, Defendant denies that the Plaintiff is entitled to any relief, including but not limited to injunctive relief, from this Court, or any damages, judgment, expenses, court costs, or any recovery of any nature whatsoever from this Defendant.

Defendant further denies each and every allegation of the Complaint [Dkt #2] which is addressed to it and may be construed to adversely affect it except as specifically admitted in the foregoing paragraphs of this Answer.

## **RESPONSE [DKT #13]**

In response to the allegations contained in Plaintiff's Response [Dkt #13] filed on October 13, 2015, this Defendant answers, paragraph by paragraph, as follows:

A.

The allegations of paragraph A are directed to a co-Defendant and require no answer from this Defendant. If Defendant is mistaken and the allegations are addressed to this Defendant, denied.

B.

The allegations of paragraph B are directed to a co-Defendant and require no answer from this Defendant. If Defendant is mistaken and the allegations are addressed to this Defendant, denied.

C.

The allegations of paragraph C are directed to a co-Defendant and require no answer from this Defendant. If Defendant is mistaken and the allegations are addressed to this Defendant, denied.

D.

The allegations of paragraph D are directed to a co-Defendant and require no answer from this Defendant.  If Defendant is mistaken and the allegations are addressed to this Defendant, denied.

E.

There are no allegations contained in paragraph E and no response is required from this Defendant.

F.

There are no allegations contained in paragraph F and no response is required from this Defendant.

G.

The allegations of paragraph G are directed to a co-Defendant and require no answer from this Defendant. If Defendant is mistaken and the allegations are addressed to this Defendant, denied.

H.

The allegations of paragraph H are directed to a co-Defendant and require no answer from this Defendant. If Defendant is mistaken and the allegations are addressed to this Defendant, denied.

I.

To the extent the allegations of paragraph I are addressed to this Defendant, it is admitted that it provides contract medical services at the HCDC. Otherwise, denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

Defendant further denies each and every allegation of Plaintiff's Response [Dkt #13] which is addressed to it and may be construed to adversely affect it except as specifically admitted in the foregoing paragraphs of this Answer.

## SEVENTEENTH DEFENSE

Defendant would show that the Plaintiff was afforded all protections due him under the United States Constitution and that any action by this Defendant was reasonable and proper and complied with any and all Constitutional standards and that there was no violation whatsoever of Plaintiff's Constitutional or other rights. Defendant would show that it was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. Additionally, Defendant would show that any and all policies and procedures at the Harrison County Detention Center were adequate, proper, reasonable, and conformed with any and all Constitutional standards and/or requirements.

## EIGHTEENTH DEFENSE

Defendant specifically invokes and pleads all defenses to which it may be entitled under the Prison Litigation Reform Acts, 42 U.S.C. §1997.

## **NINETEENTH DEFENSE**

To the extent Plaintiff's claims may be interpreted to seek punitive damages, Defendant asserts and raises all rights guaranteed by the United States Constitution and Mississippi Constitution, and the protections afforded by Miss. Code Ann. § 11-1-65.

And now, having fully answered the Complaint [Dkt #2] filed against it and the allegations contained in Plaintiff's Response [Dkt #13], this Defendant asks that it be dismissed at the cost of the Plaintiff.

This the 28th day of January, 2016.

Respectfully submitted,

CORRECTIONAL MEDICAL ASSOCIATES, INC.

BY: /s/ Jason P. Varnado
    R. MARK HODGES
    JASON P. VARNADO

OF COUNSEL:

R. Mark Hodges, MSB #2493 (*Lead Counsel*)
Jason P. Varnado, MSB #103839
WISE CARTER CHILD & CARAWAY
401 East Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi  39205-0651
Telephone:   (601) 968-5500
Facsimile:    (601) 968-5519
rmh@wisecarter.com
jpv@wisecarter.com

11

**CERTIFICATE OF SERVICE**

I, Jason P. Varnado, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system and mailed a copy of same to the following non-ECF participant:

Sterling Raheem Jules, Inmate #199738
South Mississippi Correctional Facility
P.O. Box 1419
Leakesville, Mississippi 39451
*Pro se*

And, pursuant to inmate request, to:

Sterling Raheem Jules
106 First Street
Inwood, West Virginia  25428

This the 28th day of January, 2016.

 /s/ Jason P. Varnado_____
R. MARK HODGES
JASON P. VARNADO