UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STERLING RAHEEM JULES                                                                          PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:15CV315-RHW

EVAN HUBBARD et al                                                                          DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss for lack of prosecution, or in the alternative, for an order to show cause. Doc. [61]. Plaintiff Sterling Raheem Jules, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint. In his complaint, he named 21 different defendants and alleged excessive force, due process violations, and inadequate medical care. On April 5, 2016, the Court conducted a screening hearing and set deadlines for the completion of discovery and filing dispositive motions. Minute Entry (4/5/2016); Text Only Scheduling Order (4/5/2016). The parties also consented to jurisdiction before a United States Magistrate Judge. Doc. [48]. The Court later amended the scheduling order to establish a discovery deadline of October 6, 2016, and a motions deadline of October 28, 2016. Text Only Order (7/22/2016).

On August 16, 2016, Defendants filed a motion to compel written discovery responses. Doc. [59]. Defendants had propounded discovery on June 7, 2016. Doc. [55], [56] & [57]. As of August 16, 2016, Plaintiff had failed to respond to the discovery requests. Counsel for Defendants sent a good faith certificate to Plaintiff on July 21, 2016, to which Plaintiff did not respond. Doc. [59-4]. On August 22, 2016, The Court granted Defendants' motion to compel and established a deadline of September 12, 2016 for Plaintiff to serve Defendants with complete

responses to their discovery requests.  Doc. [60].  In the order, the Court cautioned Plaintiff that failure to participate fully and meaningfully in discovery and/or to comply with the Court's orders will result in his lawsuit being dismissed for failure to prosecute.  *Id.*

On September 15, 2016, Defendants filed the instant motion to dismiss and argued that Plaintiff had failed to comply with the Court's order of August 22, 2016.  Doc. [61].  A review of the docket reveals that Plaintiff has not filed a response in opposition to the motion to dismiss. Nor has he filed notices indicating service of discovery responses at any point in the litigation process.  Based on Plaintiff's failure to participate in discovery whatsoever and based on his failure to respond to Defendants' motion or to the Court's orders, the Court concludes that he has lost interest in pursuing this litigation.  Accordingly, pursuant to Fed. R. Civ. P. 41(b), the Court finds that Plaintiff's complaint should be dismissed without prejudice for failure to prosecute his claims.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [61] Motion to Dismiss is GRANTED and that Plaintiff's complaint is dismissed without prejudice as to all claims and all Defendants.

IT IS FURTHER ORDERED that, in light of the Court's dismissal of Plaintiff's complaint, Defendants [61] Motion to Show Cause and [65] Motion to Extend Deadline are found to MOOT.

SO ORDERED, this the 24th day of October, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE